O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4740 AHM (RZx) | Date | September 21, 2009 |
|---|---|---|---|
| Title | RABB v. BNC MORTGAGE, INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

On June 30, 2009, *pro se* Plaintiff Elizabeth Rabb filed suit against Defendants BNC Mortgage, Inc., Chase Home Finance, LLC ("Chase"), Mortgage Electronic Registration Systems, Inc. ("MERS"); and Northwest Trustee Services, Inc. The complaint alleged two claims of violations under the Truth in Lending Act ("TILA")—one for rescission and one for damages and general violations of TILA—and one claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, in connection with a mortgage transaction on Plaintiff's home that closed on or about May 22, 2007. Complaint ¶ 22. Defendant Northwest Trustee Services was dismissed without prejudice on August 31, 2009. On August 10, 2009, Defendants Chase and MERS filed a motion to dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion.[1]

## II.   DISCUSSION

### A.   TILA Rescission Claim

The Court denies Defendants' motion to dismiss the TILA rescission claim, claim number one. Defendants incorrectly assert that Plaintiffs' TILA claims are wholly conclusory. Plaintiff does specify one specific violation of TILA in her allegations,

---

[1] Docket No. 6.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4740 AHM (RZx) | Date | September 21, 2009 |
|---|---|---|---|
| Title | RABB v. BNC MORTGAGE, INC. | | |

which is sufficient to survive a motion to dismiss. Namely, Plaintiff alleges that the "Notice of Right to Cancel" she received "omitted the date rescission rights terminate." Complaint ¶ 24 (emphasis omitted); Ex. 2.[2] Regulation Z, the implementing regulation for TILA, provides that a creditor must deliver notice of the right to rescind to each consumer entitled to rescind, which must include, among other things, "the date the rescission period expires." 12 C.F.R. § 226.23(b); 15 U.S.C. § 1635(a). If the required notice is not delivered, the right to rescind does not expire until three years after consummation of the transaction, 12 C.F.R. § 226.23(a)(3)—in this case, May 21, 2010.

In order to rescind a transaction under TILA, a debtor must send a written notice of rescission to the creditor. 12 C.F.R. § 226.23(a)(2). "When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge." 12 C.F.R. § 226.23(d)(1). Plaintiff has alleged that she sent a valid rescission notice to Defendants on June 8, 2009, and she has attached a copy of this notice to her complaint. Complaint ¶ 31, Ex. 3. She further alleges that the rescission notices sent to Chase and BNC were returned as undeliverable and that she re-sent them on June 10, 2009. Complaint ¶ 32. These allegations are sufficient to at least state a claim that Plaintiff is entitled to rescission under TILA.

Defendants argue that because Plaintiff has not alleged that she can tender the value of the loan, her claim is deficient. Defendants have provided no binding authority to support their proposition that a TILA plaintiff must allege ability to tender in the complaint. Defendants cite *Yamamoto* to support this point, but that case merely held that a court may, within its equitable discretion, require proof of ability to tender before

---

[2]There is an argument between the parties in their moving papers concerning the Notice of the Right to Cancel. In her Opposition to this motion, Plaintiff notes that Chase alleges that she did receive a completed copy of the Notice at the time the loan was obtained. Opp'n at 7. Plaintiff states that Chase sent her a partial copy of her loan file after she had filed this lawsuit, which contains a version of the Notice bearing what purports to be her signature and dates corresponding to when the loan was closed. Opp'n at 7, Ex. A. Plaintiff argues that her signature on this document was forged. Opp'n at 7. Given this factual dispute, the Court cannot properly consider this document in this motion to dismiss.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4740 AHM (RZx) | Date | September 21, 2009 |
|---|---|---|---|
| Title | RABB v. BNC MORTGAGE, INC. | | |

fully adjudicating a TILA claim. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172-73 (9th Cir. 2003). *Yamamoto* did hold that rescission is not automatic upon receipt of a notice of rescission, where it is contested. *Id.* at 1172. However, rescission need not be automatic in order for a valid claim for it to exist. Defendants point to five decisions by two district court judges who have decided to exercise their discretion to condition maintenance of a TILA claim on Plaintiff's allegation of ability to tender. *Martinez v. EMC Mort. Corp.*, 2009 WL 2043013 at * 6 (E.D. Cal. July 13, 2009)*; Mangindin v. Washington Mutual Bank*, 2009 WL 1766601 at *3 (N.D. Cal. June 18, 2009); *Reyes v. Premier Home Funding, Inc.*, 2009 WL 1704574 at *8 (N.D. Cal. June 17, 2009); *Carlos v. Ocwen Loan Servicing, LLC*, 2009 WL 1295873 at *4 (E.D. Cal. May 8, 2009); *Sitanggang v. Indymac Bank, F.S.B.*, 2009 WL 1286484 at *2 (E.D. Cal. May 6, 2009). At this stage of the case, the Court declines to follow those courts and condition maintenance of a TILA claim on allegations of ability to tender. The Court reserves the right, however, to condition maintenance of this claim on ability to tender at a later stage.

### B.     TILA Damages Claim

Defendants are correct that Plaintiff has failed to sufficiently allege a claim for damages as to the inadequate initial disclosures under TILA. The statute of limitations on damages claims under TILA is one year from the transaction. 15 U.S.C. § 1640(e). Thus, Plaintiff's damages claim under TILA had to be filed by May 21, 2008, and she did not file suit until June 30, 2009. Plaintiff has not alleged any facts that would warrant equitable tolling on her claim. *See Amparan v. Plaza Home Mort., Inc.*, No. C 07-4498, 2008 WL 5245497, at *3-4 (N.D. Cal. Dec. 17, 2008); *Plascencia v. Lending 1st Mort.*, 583 F. Supp. 2d 1090, 1096 (N.D. Cal. 2008); *see generally Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006); *King v. State of Cal.*, 784 F.2d 910, 913-15 (9th Cir. 1986). *But see Cross v. Downey Savings & Loan Ass'n*, No. 09-317, 2009 WL 481482, at *3 (C.D. Cal. Feb. 23, 2009) (Snyder, J.). Therefore, Defendants' motion to dismiss Plaintiff's second claim under TILA is granted, but with leave to amend if Plaintiff has a good faith basis under Fed. R. Civ. P. 11 to allege equitable tolling.[3]

---

[3]Plaintiff also alleges statutory damages under her first TILA claim for Defendants' failure to lawfully respond to her notice of rescission. Complaint ¶ 43. Defendants do not allege that these damages are time-barred, Motion at 5, Reply at 6-7, and indeed, they do not appear to be, as the complained-of violation occurred in June 2009.

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4740 AHM (RZx) | Date | September 21, 2009 |
|---|---|---|---|
| Title | RABB v. BNC MORTGAGE, INC. | | |

Portions of Plaintiff's second claim are, however, redundant with Plaintiff's first claim. To the extent that Plaintiff seeks rescission under TILA, in any amended complaint Plaintiff chooses to file, all rescission claims under TILA must be contained in a single count.

### C. Unfair Competition Law Claim

The Court denies Defendants' motion to dismiss Plaintiff's third claim for violation of California's Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200 *et seq*.

Defendants allege that Plaintiff has failed to particularly allege facts that show a violation of the UCL. However, a violation of the UCL may be premised upon "unlawful" conduct under another statutory regime. Cal. Bus. & Prof. Code § 17200 ("As used in this chapter, unfair competition shall mean and include any *unlawful*, unfair or fraudulent business act or practice . . . ." (emphasis added)); *Alch v. Superior Court*, 122 Cal. App. 4th 339, 400-01 (Ct. App. 2004) ("It [is] difficult to discern any legislative purpose other than "to extend the meaning of unfair competition to anything that can properly be called a business practice and that at the same time is forbidden by law." (quoting *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 113 (1972) (internal quotation omitted))). Therefore, the Plaintiff's underlying allegations of a violation under TILA, as discussed *supra*, are sufficient to state a claim under the UCL.

Plaintiff has alleged sufficient injury in fact to proceed with her UCL claim. The statute only required that she have "suffered injury in fact and [have] lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006). Plaintiff alleges "All Defendants collectively are now in the process of conducting a wrongful foreclosure sale of Plaintiff's Property despite having actual knowledge of Plaintiff's valid rescission of the Transaction." Complaint ¶ 34. This is sufficient to allege injury in fact under the UCL.

Defendants' argument that the UCL claims are preempted by TILA fails. Defendants cite only one case to support the proposition that TILA preempts state laws that are inconsistent with the provisions of TILA, but that case held no such thing. *Reyes*

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4740 AHM (RZx) | Date | September 21, 2009 |
|---|---|---|---|
| Title | RABB v. BNC MORTGAGE, INC. | | |

*v. Downey Savings and Loan Ass'n*, 541 F.Supp. 2d 1108, 1115 (C.D. Cal. 2008) (Guilford, J.). That case held that "the UCL claims based on TILA are preempted by HOLA [the Home Owners' Loan Act]." HOLA is an entirely different statute applicable to savings and loans. *Id.* at 1112. Defendants have provided no authority that TILA, standing alone, preempts UCL claims.

Defendants also argue that Plaintiff's failure to allege a pattern of behavior renders her claim insufficient under the UCL. Defendants base this argument on *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 519 (Ct. App. 1997), which in turn bases its assertion that the UCL requires a pattern of behavior on a California Supreme Court case from 1988, *State of California ex rel. Van de Kamp v. Texaco*, 46 Cal. 3d 1147, 1169-70 (1988). Defendants have failed to acknowledge that the statutory provision on which the *Texaco* court based its analysis was amended in 1992 to provide for violation of the UCL based upon a single act rather than an ongoing business practice. *United Farm Workers of Am. v. Dutra Farms*, 83 Cal. App. 4th 1146, 1163 (Ct. App. 2000) ("[T]he Legislature amended the statute in 1992 to provide that 'unfair competition shall mean and include *any* unlawful, unfair or fraudulent business *act or* practice . . . .' ([Cal. Bus. & Prof. Code] § 17200, italics added.)"). Defendants' sloppy and inaccurate assertions about the law governing the UCL are not sufficient to warrant dismissal of the claim. The Court reserves the right to sanction counsel for any future misstatement of the law.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss Plaintiff's Complaint. The Court GRANTS Defendants' motion to dismiss as to claim two with leave to amend, but DENIES Defendants' motion to dismiss as to claims one and three. Plaintiff shall file any amended complaint by October 5, 2009.

:

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4740 AHM (RZx) | Date | September 21, 2009 |
|---|---|---|---|
| Title | RABB v. BNC MORTGAGE, INC. | | |

| | Initials of Preparer | se |
|---|---|---|